Error.

I. C. NANCE, Trading as the MONTGOMERY HARDWARE COMPANY, v. JOHN C. ATKINS et al.

(Filed 17 May, 1916.)

**Judgments—Mortgages—Payment—Appeal and Error.**

In an action to foreclose a real estate mortgage to secure a note for $300 it appeared that defendant owed other notes secured by chattel mortgage, and it was admitted that on them all the defendant had paid in various sums the amount of $655. Upon proper issues the jury ascertained that half of the amount of the payments should have been applied to the note secured by the real estate mortgage. *Held*, a judgment against defendant for any amount due on the land mortgage was erroneous, and it is set aside on appeal. Judgment is entered that the note has been paid, and taxing plaintiff with costs.

CIVIL ACTION tried before *Lane, J.,* and a jury, at October Term, 1915, of MONTGOMERY.

This is an action to foreclose a real estate mortgage executed to secure the payment of a note of $300.

The plaintiff held two other notes against the defendant secured by chattel mortgages, one for $235 and the other for $225.

The plaintiff filed a bill of particulars with his complaint in which the three notes were charged against the defendant and which showed payments aggregating $655.

The defendant filed an answer admitting the execution of the $300 note and the mortgage to secure the payment of the same and pleaded payment.

The jury returned the following verdict:

1. Is the defendant indebted to the plaintiff; and, if so, in what amount? Answer: "$300, with interest on same from 19 April, 1909, less a payment of $210 made on 15 August, 1911."

2. Did the said parties agree, at the time of executing the mortgage of 19 April, 1909, upon the real estate of John C. Atkins, that one-half of all payments made by John C. Atkins or his son, James Atkins, upon the several mortgages held by said Nance should be applied to the said land mortgages? Answer: "Yes."

3. Did the said James Atkins direct, at the time of making payments, that one-half of all sums paid should be applied to the discharge of the land mortgages? Answer: "Yes."

Judgment was entered upon the verdict in favor of the plaintiff, declaring $90 to be due on the real estate mortgage and ordering a sale of the land, and the defendant excepted and appealed.

*Charles A. Armstrong for plaintiff.*
*Howell & Hurley and Dockery & Wildes for defendant.*

ALLEN, J. It is probable that his Honor intended to set aside the findings upon the first and second issues, but he did not do so, and with those issues standing the judgment rendered is clearly erroneous.

The plaintiff admits payments on the three mortgages amounting to $655, and the jury has found that it was the agreement of the parties that half of this amount should be applied to the $300 note, which will fully satisfy and discharge it.

The defendant is, therefore, entitled to have the judgment set aside and a judgment entered that the note has been paid, and for costs.

Reversed.